# ORIGINAL

1  Michael A. McConnell
   SBN 13447300
2  Clay M. Taylor
   SBN 24033261
3  KELLY HART &HALLMAN LLP
   201 Main Street, Suite 2500
4  Fort Worth, Texas 76102
   Tel (817) 332-2500
5  Fax (817) 878-9280



FILED

NOV 24 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

## IN THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Case No. 2:10-bk-55970-VZ |
| WM PROPERTIES, LTD. | § | |
| | § | **STATUS REPORT** |
| Debtor. | § | |
| | § | Date:  December 9, 2010 |
| | § | Time:  9:30 a.m. |
| | § | Judge:  Hon. Vincent P. Zurzolo |
| | § | Courtroom 1368 |
| | § | 255 East Temple Street |
| | § | Los Angeles, CA  90012 |

In response to the Court's Order requiring the Debtor to appear for a Status Conference, and to file a Status Conference Report, the Debtor reports as follows:

### BACKGROUND

1.     The Debtor is a California limited partnership. The Debtor owns and leases commercial property in Killeen, Texas (the "Killeen Property"), a 3 acre tract of land in Montecito, California (the "Montecito Property"), and a limited partnership interest in LJR Properties, Ltd., which owns and operates a hotel in Killeen, Texas. The Killeen Property includes two commercial buildings, one of which is leased to Verizon Wireless.

2.     The Debtor's secured creditors include Pacific Mercantile Bank ("PMB"), which Debtor has scheduled as having a secured claim in the amount of $249,000, based on a prepetition loan, secured by the Killeen Property, and all rents and proceeds therefrom.  Debtor also scheduled

1    RFF Family Partnership as having a second priority secured claim on the Killen Property in the

2    amount of $300,000, based on a prepetition loan to the Debtor. The Debtor's largest secured creditor

3    is OneWest Bank FSB, scheduled by the Debtor as having $1,938,313 secured claim against the

4    Debtor secured by the Montecito Property.

5    

6          3.     The Debtor has scheduled unsecured priority claims in the amount of $5,838. The

7    Debtor lists four general unsecured creditors with claims in the total amount of $1,705,348.72.

8          4.     On July 28, 2010, the Debtor filed a voluntary petition under Chapter 11 of the

9    Bankruptcy Code in the Bankruptcy Court for the Western District of Texas ("W.D. Tex." or the

10   "Texas Bankruptcy Court).

11   

12         5.     On motion by PMB, joined by the Debtor, the Texas Bankruptcy Court transferred this

13   case to the United States Bankruptcy Court for the Central District of California, pursuant to 11

14   U.S.C. §105(a) and Federal Rule of Bankruptcy Procedure 1014(a)(1).[1] On October 21, 2010, this

15   case was assigned to the Los Angeles Division of the United States Bankruptcy Court for the Central

16   District of California. On October 26, 2010, this case was transferred, intra-district, to this Court.

17   

18   **CASE STATUS**

19   **A.    Disclosure Statement and Confirmation Motions**

20         6.     The Debtor anticipates filing a motion to extend exclusivity. The Debtor expects to be

21   able to file and serve a disclosure statement (or otherwise seek final resolution of this case) by August

22   1, 2011. In the normal course of events, the hearing on the disclosure statement would be heard after

23   36 days later (approximately September 20, 2011). Assuming the disclosure statement is then

24   

25   

26   _____

27   [1]     The Debtor's general partner is Rossco Holdings, Inc. The president and 100% owner of Rossco Holdings, Inc.,
is Leonard M. Ross. Mr. Ross filed a chapter 11 voluntary petition in this Court on September 15, 2010. Debtor's
bankruptcy case in Texas, along with 3 other bankruptcy cases, Colony Lodging, Inc., Monte Nido Estates, LLC, and

28   Rossco Holdings, Inc. (collectively, the "Ross-Related Debtors"), were transferred to this District.

approved, then a motion for order confirming a chapter 11 plan could be filed on or before November 10, 2011.

**B.    Proof of Claims and Objections to Claims**

7.    On July 28, 2010, the Texas Bankruptcy Court issued its Order Combined with Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors & Deadlines setting December 13, 2010, as the deadline for filing proof of claims for all creditors other than government units, and the deadline for government units as "not later than 180 days after the date of the order of relief." [W.D. Tex. Dckt. No. 3].

8.    No deadline has been set with respect to filing objections to claims or for conducting hearings on claims objections. The Debtor proposes that the deadline for filing objections to claims be 60 days after confirmation.

**C.    Debtor's Duties under 11 U.S.C. §§ 521, 1106 and 1107**

9.    The Debtor has performed all of its duties applicable under Bankruptcy Code §§ 521, 1106, and 1107.

10.    Specifically, the Debtor filed its schedules, statement of financial affairs, lists of creditors, and statement of income and expenses, together with its voluntary petition, on July 28, 2010. The Debtor filed its amended schedules ("Schedules") and statement of financial affairs in this District on November 3, 2010 [Dckt. No. 14].

11.    The Debtor submitted its Debtor Initial Report and required documentation, including, proof of insurance, tax returns and evidence of closed prepetition bank accounts and the opening of debtor-in-possession bank accounts, to the Office of the United States Trustee, Region 7, Western District, Texas, on September 14, 2010. The Debtor also appeared for an initial Debtor interview and

1  attended the meeting of creditors held in the Western District of Texas on that same day.  A second

2  meeting of creditors has been postponed.

3      12.    The Debtor has also filed its monthly operating reports ("MOR") each month

4  commencing in September, including its initial MOR filed on September 21, 2010 [W.D. Tex. Dckt.

5  No. 64]; and on October 22, 2010 [W.D. Tex. Dckt. No. 124].  The Debtor anticipates timely filing

6  its November MOR's in this Court.

7  **D.**    **Debtor's Post-Petition Operations, Litigation, and Efforts to Reorganize**

8      13.    **Post Petition Operations:**  On August 12, 2010, Pacific Mercantile Bankcorp

9  ("PMB") filed a motion to prohibit the Debtor from using cash collateral or, in the alternative, require

10  adequate protection and restrict the Debtor's expenditures to a mutually acceptable budget.  On

11  September 22, 2010, the Debtor filed its motion for authority to use cash collateral [W. D. Tex. Dckt.

12  65]. After conducting two interim hearings and a final hearing , the Texas Bankruptcy Court entered

13  a Final Order Authorizing Debtor's Use of Cash Collateral on October 13, 2010 [W.D. Tex. Dckt.

14  No. 115] ("Final Cash Collateral Order").  Since that time the Debtor has been operating pursuant to

15  the Final Cash Collateral Order and approved final budget ("Budget").

16      14.    **Litigation:**  No adversary proceedings have been filed in the Debtor's case.  Pre-

17  petition, the Debtor was named as a defendant in the following matter, which has been stayed as a

18  result of Debtor's bankruptcy filing:

19      PMB v. Rossco Holdings, Inc., Monte Nido, LLC, WM Properties, Ltd. and Colony Lodging, Inc., American Arbitration Association, Orange County, CA, Case No. 73-148-Y0002550-10-GLO.

20      15.    **Efforts to Reorganize:**  Since filing its voluntary petition, the Debtor, together with

21  Mr. Ross and the Ross-Related Debtors have reached a global settlement with PMB. The Debtor, along with each of the Ross-Related Debtors and Mr. Ross have filed motions to approve

1    compromise, including the Debtor's Motion to Approve Compromise, filed on November 4, 2010

2    [Dckt. No. 10] ("Motion to Approve Compromise"), which is set for hearing on November 23, 2010.

3    16.    With respect to the Debtor and as more fully described in the Motion to Approve

4    Compromise, the proposed settlement provides for, inter alia, the payoff of PMB's lien on the Killeen

5    Property no later than February 11, 2011, or the lifting of the automatic stay to PMB with respect to

6    that property.    For the reasons more fully set forth in the motion, the Debtor believes that the

7    proposed settlement is in the best interest of creditors and the estate because the proposed settlement

8    allows the Debtor to cap its losses, eliminate further expense, and focus its resources on maximizing

9    value of remaining assets for the benefit of all other creditors.

10    **E.    CM/ECF Filings**

11    17.    Counsel for the Debtor ("Kelly Hart") is not admitted in California and is not a

12    registered CM/ECF filer in this Court.    As a result, Debtors' filings in this Court, to date, have been

13    by delivery to the clerk's office.    Because of the logistical challenges and increased costs associated

14    with out-of-state representation, Kelly Hart has filed a motion to withdraw as counsel in this case and

15    in each of the other three affiliated debtor cases transferred from the Western District of Texas.    See

16    Motion to Withdraw, filed on November 5, 2010 [Dckt.  No. 18].

17    18.    Debtor anticipates that new counsel for the Debtor will be retained in California, and

18    that such counsel will be CM/ECF qualified.

19    **F.    Professionals Retained in this Case**

20    19.    On September 15, 2010, the Texas Bankruptcy Court approved the employment of

21    Kelly Hart as substitute counsel for the Debtor.  [W.D. Tex. Dckt. No. 52 and 53].  No order was

22    entered nor application filed seeking approval of the employment of Debtor's prior counsel, Pearson

23    & Pearson.

20.    Prepetition, the Debtor utilized Kim Gidlow, of Hyatt Gidlow & Company CPAs APC ("Gidlow") for accounting and tax preparation services.  The Debtor anticipates filing an application to approve the employment of Ms. Gidlow as Certified Public Accountant for the estate.

a.  **Kelly Hart:**  Currently, Kelly Hart has one partner and three associates working on this matter.  The partner bills at $425.00 per hour; the associates bill at $185-275.00 hour.  Kelly Hart's motion to withdraw as counsel is currently pending.  Estimates for anticipated work to be performed by Kelly Hart on currently pending matters listed by category include:

i.    General Administrative Matters – attendance at the currently scheduled court conferences, hearings, and United States Trustee matters, and review (but not preparation ) of the MOR's.  Estimate 20 attorney hours, $ 5,500.

ii.    PMB Matters – assist with the Debtor's compliance with cash collateral orders, prepare for and attend hearing on Motion to Approve Compromise, and continue to assist with other PMB matters.  Estimate  30 attorney hours, $ 8,250.

b.    **California Debtor's Counsel:**  The Debtor is unable to estimate the number of hours to be incurred by replacement counsel and such estimates are to be determined.

c.    **Kim Gidlow, CPA:**  An application to employ Ms. Gidlow has not yet been filed.  Subject to Court approval, Ms. Gidlow will work approximately 5-8 hours a month, at a rate of $70 per hour.

Respectfully submitted,

KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:    817/332-2500
Telecopy:    817/878-9280

1

Michael A. McConnell
2
Texas Bar I.D. 13447300
3      michael.mcconnell@kellyhart.com
Clay M. Taylor
4      Texas Bar I. D. 24033261
clay.taylor@kellyhart.com
5

6      ATTORNEYS FOR WM PROPERTIES, INC.
INC.
7      1195404v1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28