1 | MICHAEL S. GREGER (BAR NO. 156525)
ALLEN MATKINS LECK GAMBLE
2 |    MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
3 | Irvine, California 92614-7321
Phone:  (949) 553-1313
4 | Fax:  (949) 553-8354
E-Mail:  mgreger@allenmatkins.com
5 |
Attorneys for OneWest Bank, FSB
6 |

7 |

8 |              UNITED STATES BANKRUPTCY COURT

9 |              CENTRAL DISTRICT OF CALIFORNIA

10 |                LOS ANGELES DIVISION

11 | In re                          Case No. 2:10-55970-VZ

12 | WM PROPERTIES, LTD.,           Chapter 11

13 |        Debtor.                 **LIMITED OBJECTION TO DEBTOR'S**
                                **MOTION FOR ORDER EXTENDING**
14 |                             **DEBTOR'S EXCLUSIVITY PERIOD TO**
                                **FILE CHAPTER 11 PLAN**
15 |
                                Date:   January 4, 2011
16 |                            Time:   11:00 a.m.
                                Place:  Courtroom 1368
17 |                                    255 East Temple Street
                                        Los Angeles, CA  90012
18 |                            Judge:  Hon. Vincent P. Zurzolo

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1    OneWest Bank, FSB ("OneWest") hereby submits its Limited

2 Objection to WM Properties, Ltd.'s (the "Debtor") Motion for

3 Order Extending Debtor's Exclusivity Period to File Chapter 11

4 Plan (the "Motion"), as follows:

5 **I.    PRELIMINARY STATEMENT**

6    OneWest does not object to a reasonable extension of

7 exclusivity in this case.  However, the proposed more than eight

8 month extension is not reasonable.  The Debtor's business

9 operations are not complicated.  It only owns two real property

10 assets and a limited partnership interest.  There is no

11 justification for the more than an eight month requested

12 extension of exclusivity.  Accordingly, OneWest files this

13 limited objection to the length of extension sought by the

14 Debtor.  OneWest does not object to a more reasonable extension

15 that does not extend the Debtor's exclusive period to file a plan

16 past March 31, 2011, and the Debtor's exclusive period to confirm

17 a plan past May 31, 2011.

18 **II.    BACKGROUND**

19    On or about January 17, 2006, La Jolla Bank, FSB ("Original

20 Lender") made a loan to the Debtor[1] in the original principal

21 amount of $2,125,000.00 (the "Loan").  The Loan is evidenced by,

22 among other things, that certain Promissory Note (the "Note")

23 dated January 17, 2006, executed by the Debtor, as "Borrower," in

24 the original principal amount of $2,125,000.00.  To secure the

25 obligations under the Loan and the Note and as part of the same

26

27

28
[1] Although the Debtor filed its voluntary petition under the name of "WM Properties, Ltd.," OneWest is informed and believes that the correct name for the Debtor is "WM Properties, Ltd., L.P."

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

916973.01/OC

1  transaction, on January 17, 2006, the Debtor made, executed, and

2  delivered to Original Lender a Deed of Trust ("Deed of Trust")

3  recorded on January 24, 2006, as Document Number 2006-0005519, in

4  the Official Records of the County of Santa Barbara (the

5  "Official Records").  To that end, as more particularly described

6  in the Deed of Trust, the Deed of Trust granted Original Lender a

7  lien on certain real property, more particularly described in the

8  Deed of Trust, commonly known as 645 Para Grande Lane, Santa

9  Barbara, California 93108.  The Note, the Deed of Trust, and all

10  other documents evidencing or securing the Loan shall be

11  collectively referred to as the "Loan Documents."

12      On February 19, 2010, OneWest entered into a purchase and

13  assumption agreement (the "Purchase Agreement") with the Federal

14  Deposit Insurance Corporation ("FDIC"), as receiver for Original

15  Lender.  Pursuant to the Purchase Agreement, as more particularly

16  described therein, the FDIC, as receiver for Original Lender,

17  transferred some, but not all, of the assets of Original Lender

18  to OneWest, including all of Original Lender's right, title, and

19  interest in the Loan and Loan Documents.

20  **III.  <u>ARGUMENT</u>**

21      Section 1121(b) of the Bankruptcy Code provides for an

22  initial period of 120 days after the commencement of a chapter 11

23  case during which a debtor has the exclusive right to propose and

24  file a plan of reorganization.  11 U.S.C. § 1121(b).  If a debtor

25  files a plan during this exclusive period, section 1121(c)(3) of

26  the Bankruptcy Code grants the debtor an additional 60 days

27  during which the debtor may solicit acceptances of that plan

28  while no other party in interest may file a competing plan.

1   11 U.S.C. § 1121(c)(3).  Subject to the Motion, the Debtor's

2   exclusive right to file a plan would have expired at the end of

3   November 2010.

4       Section 1121(d) of the Bankruptcy Code permits an extension

5   of the debtor's exclusivity periods upon a demonstration of

6   cause:

7           . . . [O]n request of a party in interest
            made within the respective periods specified
8           in subsections (b) and (c) of this section
            and after notice and a hearing, the court <u>may</u>
9           <u>for cause reduce or increase</u> the 120-day
            period or the 180-day period referred to in
10          this section.

11  11 U.S.C. § 1121(d)(emphasis added).  Although the Bankruptcy

12  Code does not define "cause," legislative history indicates that

13  Congress intended to provide debtors with an adequate period in

14  which to negotiate and propose a viable plan and solicit

15  acceptances thereof.  <u>See</u> H.R. Rep. No. 95-595, at 231-32 (1978),

16  <u>reprinted in</u> 1978 U.S.C.C.A.N. 5787.  As noted in the legislative

17  history to section 1121(d), "the granted extension should be

18  based upon some showing of some promise of probable success" and

19  "[a]n extension should not be employed as a tactical device to

20  put pressure on parties in interest to yield to a plan they

21  consider unsatisfactory."  <u>Id.</u>  Moreover, extensions of the

22  exclusivity periods are neither automatic nor routine.  The

23  debtor bears the burden of establishing that "cause" exists to

24  justify the extension.  <u>In re Dow Corning Corp.</u>, 208 B.R. 661,

25  664-65 (Bankr. E.D. Mich. 1997); <u>In re Geriatrics Nursing Home</u>,

26  187 B.R. 128, 131-32 (D. N.J. 1995).

27  //

28  //

1      Section 1121 of the Bankruptcy Code was enacted to limit the

2  debtor's exclusive right to propose a plan and to recognize the

3  creditor's interests in the debtor's business.  See In re Gibson

4  & Cushman Dredging Corp., 101 B.R. 405, 409-10 (E.D.N.Y. 1989).

5  In addition, it was enacted to avoid the imbalance that existed

6  under prior law which gave debtors the exclusive right to file a

7  plan throughout the case and thus gave the debtor undue leverage

8  to delay and force a settlement out of otherwise unwilling

9  creditors.  Id.  As the Court in Gibson stated:

10           Taking such considerations into account, it
             has been held that courts considering
11           extensions of the exclusivity period must
             "avoid reinstituting the imbalance between
12           debtors and creditors that characterized
             proceedings" under prior law.  Id.
13

14      Although the Bankruptcy Code does not define the form of

15  "cause" required to extend exclusivity, courts have relied on a

16  variety of factors.  These factors include:

17           1.   the size and complexity of the case;

18           2.   the necessity of sufficient time to
             permit the debtor to negotiate a plan of
19           reorganization and prepare adequate
             information;
20
             3.   the existence of good faith progress
21           toward reorganization;

22           4.   the fact that the debtor is paying its
             bills as they become due;
23
             5.   whether the debtor has demonstrated
24           reasonable prospects for filing a viable
             plan;
25
             6.   whether the debtor has made progress in
26           negotiations with its creditors;

27           7.   the amount of time which has elapsed in
             the case;
28

8.   whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

9.   whether an unresolved contingency exists.

<u>Dow Corning</u>, at 664-65.

OneWest respectfully submits that under the foregoing factors, cause does not exist to grant the Debtor more than an eight month extension of exclusivity.  The Debtor's case is not complex: it has only two real estate assets and a 40% interest in a limited partnership.  Moreover, the Debtor's creditor body is rather limited.  There is no need for more than an eight month extension of exclusivity.  Moreover, the Debtor has not articulated what its potential plan will be.  OneWest submits that, under the circumstances, the Debtor's lengthy extension request should not be granted.

**IV.   CONCLUSION**

The Court should not approve an eight month extension of exclusivity.  Rather, any extension should not extend the Debtor's exclusive period to file a plan past March 31, 2011, and the Debtor's exclusive period to confirm a plan past May 31, 2011.

Dated:  December 21, 2010          ALLEN MATKINS LECK GAMBLE
                                    MALLORY & NATSIS LLP


                                    By:    */s/ Michael S. Greger*
                                       MICHAEL S. GREGER
                                       Attorneys for OneWest Bank,
                                       FSB

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

916973.01/OC

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1900 Main Street, Fifth Floor, Irvine, California 92614-7321.

A true and correct copy of the foregoing document described as **LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVITY PERIOD TO FILE CHAPTER 11 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **_December 21, 2010_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Michael S Greger      mgreger@allenmatkins.com
- Jay W Hurst      jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
- Justin E Rawlins      jrawlins@winston.com, docketla@winston.com
- David J Richardson      djr@thecreditorslawgroup.com
- David B Shemano      dshemano@pwkllp.com
- United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov
- Joshua D Wayser      joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
- Robert M Yaspan      court@yaspanlaw.com, tmenachian@yaspanlaw.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **_December 21, 2010_**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **___**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 21, 2010 | Kim Rodriguez | /s/ Kim Rodriguez |
|---|---|---|
| Date | Type Name | Signature |

916973.01/OC

## SERVED BY UNITED STATES MAIL

### Attorneys for Debtor
Michael A. McConnell, Esq.
Clay M. Taylor, Esq.
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, TX  76102

### (Proposed) Attorneys for Debtor
The Creditors' Law Group, APC
David J. Richardson, Esq.
Laura L. Buchanan, Esq.
2301 Hyperion Avenue, Suite A
Los Angeles, CA 90027

### United States Trustee
Office of the U.S. Trustee
725 South Figueroa Street
Suite 2600
Los Angeles, CA 90017

### Judge's Courtesy Copy
The Honorable Vincent Zurzolo
United States Bankruptcy Court
Los Angeles Division
Roybal Federal Building
255 East Temple Street
Suite 1360
Los Angeles, CA  90012-2332

916973.01/OC

-2-