THE CREDITORS' LAW GROUP, APC
David J. Richardson (State Bar No. 168592)
djr@thecreditorslawgroup.com
Laura L. Buchanan (State Bar No. 156261)
llb@thecreditorslawgroup.com
2301 Hyperion Avenue, Ste. A
Los Angeles, CA 90027
Telephone:    (323) 686-5400
Facsimile:    (323) 686-5403

Attorneys for WM Properties, Ltd.,
Debtor and debtor-in-possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>WM PROPERTIES, LTD.,<br><br>        Debtor. | Case No. 2:10-bk-55970-VZ<br><br>Chapter 11<br><br>**MOTION OF THE DEBTOR FOR ORDER DISALLOWING PROOF OF CLAIM NO. 2 BY ONEWEST BANK, FSB AND SCHEDULED CLAIM OF RFF FAMILY PARTNERSHIP TO THE EXTENT THEY SEEK MORE THAN A SINGLE RECOVERY; DECLARATION OF LEONARD M. ROSS IN SUPPORT THEREOF**<br><br>**Hearing**<br>Date:    March 29, 2011<br>Time:    1:30 p.m.<br>Judge:   Hon. Vincent P. Zurzolo<br>         Courtroom 1368<br>          255 East Temple Street<br>         Los Angeles, CA  90012 |

# I.

## INTRODUCTION

WM Properties, Ltd., the debtor and debtor-in-possession (the "Debtor"), hereby files this limited objection (the "Objection") to the following proofs of claim and scheduled claims on the grounds that the creditors have filed duplicate claims in the chapter 11 case of Leonard M. Ross ("Ross") but are only entitled to a single recovery on their claims:

(1)     Proof of Claim No. 2 filed by OneWest Bank, FSB for $2,053,576.87; and

(2)     Scheduled Claim of RFF Family Partnership for $300,000.00.

(together, the "Claims").

This Objection is brought on the grounds that a creditor is only entitled to a single recovery up to the full amount of its claim, and not multiple recoveries from multiple co-debtors in excess of the amount of its single claim, and is brought as a precautionary measure to preserve the Debtor's rights pending substantive consolidation or confirmation of a plan of reorganization.[1]

The Objection is based on the factual background and points and authorities discussed herein, the Declaration of Leonard M. Ross (the "Ross Decl."), which is attached hereto, subsequent pleadings filed by the Debtor relating to the Objection, the arguments and representations of counsel and any oral or documentary evidence presented at or prior to the time of the hearing, and the record in these cases.

# II.

## FACTUAL BACKGROUND

### A.     The Debtor's Chapter 11 Case

WM Properties, Ltd. filed a chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas on July 28, 2010, which was transferred to this Court on or about October 21, 2010, where it remains pending as Case No. 2:10-bk-55970-VZ (the "WM Properties Case"). WM Properties continues to manage its case as a debtor-in-possession. Rossco is the General Partner of WM Properties.

---

[1]    The Debtor reserves its rights to bring additional objections to such Claims on other grounds.

2

1    Rossco filed a chapter 11 petition in the United States Bankruptcy Court for the Western
2 District of Texas on August 2, 2010, which was transferred to this Court on or about October 21,
3 2010, where it remains pending as Case No. 2:10-bk-55970-VZ (the "Rossco Case").  Rossco
4 continues to manage its case as a debtor-in-possession.

5    Leonard M. Ross ("Ross" and together with WM Properties and Rossco, the "Debtors") filed
6 a chapter 11 petition in this Court on September 15, 2010, initiating Case No. 2:10-bk-49358-VZ
7 (the "Ross Case").  Ross continues to manage his case as a debtor-in-possession.

### B.    The Duplicate Claims

**OneWest Bank, FSB** ("OneWest Bank") filed Proof of Claim No. 2 against WM Properties for in the amount of $2,053,576.87 for claims against WM Properties arising from OneWest Bank, FSB's loan to WM Properties and trust deeds against certain real property located in Santa Barbara, California (the "Santa Barbara Property").  In the Ross Case, One West Bank also filed Claim No. 35 against Ross in the amount of $2,053,576.87 for claims arising from Ross' guarantee of the same loan to WM Properties on the Santa Barbara Property.  In the Rossco Case, Rossco scheduled an unsecured, nonpriority claim for OneWest Bank in the amount of $1,938,313 for this same loan.  A true and correct copy of Proof of Claim No. 2 against WM Properties is attached hereto as Exhibit 2; a true and correct copy of Claim No. 7-2 against Rossco is attached hereto as Exhibit 2A; and a true and correct copy of the claim scheduled for OneWest Bank in the Rossco Case is attached hereto as Exhibit 2B.

**RFF Family Partnership** was scheduled by WM Properties as holding a secured claim for $300,000 for a loan to WM Properties and a related a deed of trust on .551 acres (corner lot), Killeen, Tx 76542.  In the Ross Case, RFF Family Partnership filed Proof of Claim No. 37-2 (which amended its Proof of Claim No. 37-1) for $300,000 for Ross' guarantee of that loan from RFF Family Partnership to WM Properties.  RFF Family Partnership, Ross and WM Properties are parties to a settlement, which the parties have documented (or soon will document) that resolves these claims.  WM Properties expects a motion to approve the settlement will be filed shortly but is filing this objection out of an abundance of caution.  A true and correct copy of the page of WM Properties' Schedules, which includes RFF Family Partnership's scheduled claim against WM

3

Properties, is attached hereto as Exhibit "Sched. 1," and a true and correct copy of Proof of Claim No. 37-2 against Ross is attached hereto as Exhibit "Sched. 1A."

### III.

### **DISCUSSION**

**A.  Each of the Claims Should Be Disallowed Pursuant to 11 U.S.C. § 502(b)(1) to the Extent It Seeks Anything More Than One Single Recovery**

Pursuant to Section 502(b)(1) of the Bankruptcy Code, a claim against a debtor shall be disallowed to the extent that such claim "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."  11 U.S.C. § 502(b)(1).

A creditor that holds multiple rights of recovery against multiple debtors is entitled to recover up to the full amount of its debt, and no more.

> In the event that a creditor has claims against a number of debtor corporations growing out of the same transaction, it is entitled to receive only one satisfaction. If the debtor corporations are treated as separate entities and a creditor remains unsatisfied, the creditor is entitled to have any guarantees considered as claims. Once the consolidation has been ordered the subject guarantees, which represent multiple claims, are necessarily eliminated. Therefore, an unsecured creditor has only one claim per transaction to be satisfied from the pooled resources.

In re K-Tel International, Inc., 65 B.R. 594, 596 (Bankr. D. Minn. 1986) (following In re Gulfco Investment Corp., 593 F.2d 921 (10th Cir. 1979)).  See also PNC Bank, N.A. v. Park Forest Dev. Corp. (In re Park Forest Dev. Corp.), 197 B.R. 388, 397 (Bankr. N.D. Ga. 1996) ("A creditor is only entitled to a single satisfaction of its claim. 47 Am. Jur. 2d Judgments § 979 (1969); Restatement of Security § 115 (1941)."); In re Rhead, 179 B.R. 169, 174 (Bankr. Az. 1994) (a creditor "is entitled to only one satisfaction of its debt.").

Because the Debtor will not have confirmed a plan before the deadline for objecting to claims in the Debtors' cases has passed, and because the Debtor has a pending motion for substantive consolidation before the Court, the Debtor files this Objection as a precautionary measure seeking confirmation by an order of this Court that claims filed against multiple related entities, such as the Claims that are the subject of this Objection, are only entitled to a single recovery up to the amount of the Claim.

4

By using the term "single recovery", the Debtor does not contend that any creditor may not recover from more than one co-debtor – but rather only that the total recoveries received by any creditor may not total more than the amount of its claim.

As explained in detail in the Factual Background above, each of the Claims against WM Properties has been asserted by the same claimant against Ross or Rossco in the Ross Case or the Rossco Case, respectively. Accordingly, each of the claimants that asserts a Claim is only entitled to a single recovery on its duplicative claims against WM Properties and another Debtor.

## IV.

## **CONCLUSION**

Wherefore, the Debtor respectfully requests that this Court enter an order that: (1) confirms that each of the claimants that asserts a Claim is entitled to a single recovery on its duplicative Claims against WM Properties and one of the other Debtors up to the full amount of its claim; (ii) disallows each of the Claims to the extent, if any, that the claimant seeks a recovery from the Debtors in excess of a single recovery on the Claim, and (iii) grants such other relief as may be just and proper.

DATED: February 25, 2011          /s/ David J. Richardson
DAVID J. RICHARDSON
LAURA L. BUCHANAN
THE CREDITORS' LAW GROUP, APC
Attorneys for WM Properties, Ltd.

### **DECLARATION OF LEONARD M. ROSS**

I, Leonard M. Ross, declare as follows:

1. I ("Ross") am the president and 100% owner of Rossco,[2] which wholly owns 1009 BH Properties, Monte Nido Estates and Colony Lodging and is the general partner of Chimney Hill and WM Properties. I am a representative of each of the Debtors. I have personal knowledge of the following, or have gained such knowledge from my review of the records of the Debtors, which are obtained, created and maintained in the ordinary course of business, and if called as a witness, could and would competently testify thereto.

2. In particular, I am one of the custodians of the books, records and files of the Debtors. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge from them from the business records of the Debtors, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of the Debtors' businesses at or near the time by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.

3. This declaration is being submitted in support of the Motion Of The Debtor For Order Disallowing Proof Of Claim No. 2 By OneWest Bank, FSB And Scheduled Claim Of RFF Family Partnership To The Extent They Seek More Than A Single Recovery (the "Objection"), with which this declaration is being filed.

4. WM Properties, Ltd. filed a chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas on July 28, 2010, which was transferred to this Court on or about October 21, 2010, where it remains pending as Case No. 2:10-bk-55970-VZ (the "WM Properties Case"). WM Properties continues to manage its case as a debtor-in-possession. Rossco is the General Partner of WM Properties.

5. Rossco filed a chapter 11 petition in the United States Bankruptcy Court for the Western District of Texas on August 2, 2010, which was transferred to this Court on or about

---

[2] Capitalized terms that are not defined herein are defined in the Motion.

4

1  October 21, 2010, where it remains pending as Case No. 2:10-bk-55970-VZ (the "Rossco

2  Bankruptcy Case"). Rossco continues to manage its case as a debtor-in-possession.

3      6. Ross filed a chapter 11 petition in this Court on September 15, 2010, initiating Case

4  No. 2:10-bk-49358-VZ (the "Ross Bankruptcy Case"). Ross continues to manage his case as a

5  debtor-in-possession.

6      7. **OneWest Bank, FSB** ("OneWest Bank") filed Proof of Claim No. 2 against WM

7  Properties for in the amount of $2,053,576.87 for claims against WM Properties arising from

8  OneWest Bank, FSB's loan to WM Properties and trust deeds against certain real property located in

9  Santa Barbara, California (the "Santa Barbara Property"). In the Ross Case, One West Bank also

10 filed Claim No. 35 against Ross in the amount of $2,053,576.87 for claims arising from Ross'

11 guarantee of the same loan to WM Properties on the Santa Barbara Property. In the Rossco Case,

12 Rossco scheduled an unsecured, nonpriority claim for OneWest Bank in the amount of $1,938,313

13 for this same loan. A true and correct copy of Proof of Claim No. 2 against WM Properties is

14 attached hereto as Exhibit 2; a true and correct copy of Claim No. 7-2 against Rossco is attached

15 hereto as Exhibit 2A; and a true and correct copy of the claim scheduled for OneWest Bank in the

16 Rossco Case is attached hereto as Exhibit 2B.

17     8. **RFF Family Partnership** was scheduled by WM Properties as holding a secured

18 claim for $300,000 for a loan to WM Properties and a related a deed of trust on .551 acres (corner

19 lot), Killeen, Tx 76542. In the Ross Case, RFF Family Partnership filed Proof of Claim No. 37-2

20 (which amended its Proof of Claim No. 37-1) for $300,000 for Ross' guarantee of that loan from

21 RFF Family Partnership to WM Properties. RFF Family Partnership, Ross and WM Properties are

22 parties to a settlement, which the parties have documented (or soon will document) that resolves

23 these claims. WM Properties expects a motion to approve the settlement will be filed shortly but is

24 filing this objection out of an abundance of caution. A true and correct copy of the page of WM

25 / / /

26 **/ / /**

27 / / /

28

**The Creditors' Law Group, a Professional Corporation**
2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027
Tel. (323) 686-5400    Fax (323) 686-5403

1 | Properties' Schedules, which includes RFF Family Partnership's scheduled claim against WM
2 | Properties, is attached hereto as Exhibit "Sched. 1," and a true and correct copy of Proof of Claim
3 | No. 37-2 against Ross is attached hereto as Exhibit "Sched. 1A."
4 |     I declare under penalty of perjury pursuant to the laws of the State of California that the
5 | foregoing is true and correct and that this Declaration is executed on February 25, 2011, at Beverly
6 | Hills, California.

                                                          *[signature]*
                                                          Leonard M. Ross

*The Creditors' Law Group, a Professional Corporation*
*2301 Hyperion Avenue, Ste. A, Los Angeles, CA 90027*
*Tel. (323) 686-5400    Fax (323) 686-5403*

6

| In re:<br>WM PROPERTIES, LTD. | | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER: 2:10-bk-55970-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
>The Creditors' Law Group, APC
>2301 Hyperion Avenue, Ste. A
>Los Angeles, CA  90027-4711

A true and correct copy of the foregoing document described as MOTION OF THE DEBTOR FOR ORDER DISALLOWING PROOF OF CLAIM NO. 2 BY ONEWEST BANK, FSB AND SCHEDULED CLAIM OF RFF FAMILY PARTNERSHIP TO THE EXTENT THEY SEEK MORE THAN A SINGLE RECOVERY; DECLARATION OF LEONARD M. ROSS IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 25, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On     February 25, 2011    , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

>Honorable Vincent Zurzolo (Fedex)
>United States Bankruptcy Court
>255 E. Temple St., Suite 1360
>Los Angeles, CA  90012

>United States Trustee (LA) (U.S. Mail)
>725 S. Figueora St., 26th Floor
>Los Angeles, CA  90017-5524

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 25, 2011 | Laura L. Buchanan | /s/ Laura L. Buchanan |
|---|---|---|
| Date | Type Name | Signature |

| In re:<br>WM PROPERTIES, LTD.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:10-bk-55970-VZ |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Laura L Buchanan         llb@thecreditorslawgroup.com
- Jay W Hurst              jay.hurst@oag.state.tx.us, sherri.simpson@oag.state.tx.us
- Justin E Rawlins         jrawlins@winston.com, docketla@winston.com
- David J Richardson       djr@thecreditorslawgroup.com
- David B Shemano          dshemano@pwkllp.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Joshua D Wayser          joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
- Robert M Yaspan          court@yaspanlaw.com, tmenachian@yaspanlaw.com

**II. SERVED BY U.S. MAIL**

OneWest Bank, FSB
c/o Michael S. Greger, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321

OneWest Bank, FSB
390 West Valley Pkwy
Escondido, CA 92025

RFF Family Partnership
226 Twenty-Third Street
Santa Monica, CA 90402

RFF Family Partnership, LP
Parcells Law Firm
1901 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                              **F 9013-3.1.PROOF.SERVICE**